MICKO JOHN STONEROCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stonerock v. Commissioner
Docket No. 21556-85.
United States Tax Court
T.C. Memo 1986-264; 1986 Tax Ct. Memo LEXIS 345; 51 T.C.M. (CCH) 1294; T.C.M. (RIA) 86264; June 30, 1986. Micko John Stonerock, pro se. Albert B. Kerkhove, for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) of the Code [1] and Rules 180, 181, and 182. Respondent determined a deficiency in petitioner's Federal income tax for 1982 in the amount of $1,553.83, and additions to tax under sections 6651(a), 6653(a)(1), and 6654 in the amounts of $388.46, $77.69, [2] and $151.75, respectively. *347 Petitioner concedes the $1,553.83 deficiency but challenges his liability for the additions to tax under sections 6651(a), 6653(a)(1), 6653(a)(2), and 6654. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Anchorage, Alaska, at the time the petition was filed. During 1982, petitioner received income from the State of Alaska Department of Revenue in the amount of $1,000 and Stonerock Enterprises, Inc., in the amount of $7,795. Petitioner did not file a tax return for 1982. Respondent issued a notice of deficiency and determined the deficiency in tax and additions to tax noted above. The petition was filed on July 1, 1985. Petitioner conceded the deficiency determined by respondent; however, he disputed his liability for the additions to tax. Petitioner argues that, once respondent has served him with a "bill," he must pay the determined deficiency in taxes but asserts he is not liable for additions to tax because the filing of a tax return "is not mandatory but voluntary;" therefore, no additions to tax may be determined against *348 him on a voluntary act. We do not agree. OPINION All taxpayers with taxable income are generally required by law to file Federal income tax returns. Section 6012. Under sections 6651 and 7203, taxpayers who fail to file may be subject to civil additions to the tax and prosecution for criminal offenses. The matter of filing tax returns and paying taxes is not voluntary. Respondent is authorized under section 6213 to issue notices of deficiency for determined deficiencies and/or additions to tax. Respondent issued a valid notice of deficiency and a timely petition was filed with this Court. Section 6651(a)(1) provides for the imposition of an addition to tax for failure to timely file a return unless such failure is due to reasonable cause and not due to willful neglect. Section 6653(a) provides for the imposition of an addition to tax for an underpayment of tax which is due to negligence or intentional disregard of rules and regulations. Section 6654(a) provides for an imposition of an addition to tax for underpayment of estimated tax, except under limited circumstances described in section 6654(d), none of which are applicable here. Petitioner bears the burden of *349 proof on these issues. ; Rule 142. Petitioner clearly failed to carry his burden as to each of the determined additions to tax. He filed nor return for 1982 and made no prepayments of the tax. From that, we conclude that each of the determined additions to tax was proper, and respondent's determinations are, therefore, sustained. At this point, an admonishment to petitioner is in order. This Court noted in : Many citizens may dislike paying their fair share of taxes; everyone feels that he or she needs the money more than the Government. On the other hand, as Justice Oliver Wendell Holmes so eloquently stated: "Taxes are what we pay for civilized society." . The greatness of our nation is in no small part due to the willingness of our citizens to honestly and fairly participate in our tax collection system which depends upon self-assessment. Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge the Commissioner's *350 determination; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. Access to the courts depends upon a real and actual wrong -- not an imagined wrong -- which is susceptible of judicial resolution. General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred. Section 6673 permits this Court to award damages in an amount up to $5,000 where the proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in such proceeding is frivolous or groundless. ; ; also see , affd. . We have decided not to impose such damages in this case. Petitioner should note, however, that although we have elected to walk softly in this case, we do *351 carry a big stick and we will not hesitate to use it next time. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated; and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In addition to the section 6653(a)(1) addition to tax in the amount of $77.69, respondent determined a section 6653(a)(2) addition to tax in an amount equal to 50% of the interest due on the $1,553.83 underpayment.↩